UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEN BRIDGES, LLC, <br><br> Plaintiff, <br> v. <br><br> MIDAS MULLIGAN, LLC, et al., <br><br> Defendants. | CASE NO. C19-1237JLR <br><br> ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICITON |

Before the court is Plaintiff Ten Bridges, LLC ("Ten Bridges") complaint. (Compl. (Dkt. # 1).) Having reviewed the complaint, the court finds that Ten Bridges has failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Ten Bridges, within seven (7) days of the date of this order, to serve and file a submission that includes the following information:

Ten Bridges asserts that the court's jurisdiction is based on diversity of citizenship. (*Id.* ¶ 7.) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson v.*

ORDER - 1

*Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the compliant must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction."). Ten Bridges alleges that it is an Oregon limited liability company with Oregon citizenship. (Compl. ¶¶ 3, 7.) Yet, Ten Bridges fails to allege the citizenship of its members. (*See generally id.*) Further, Ten Bridges alleges that Defendants Midas Mulligan, LLC ("Midas"), and Madrona Lisa, LLC ("Madrona"), are Washington limited liability companies with their principal places of business in Washington (*id.* ¶¶ 4-5), but fails to allege the citizenship of any of their members (*see generally id.*).[1] Absent such allegations, the court cannot determine if Ten Bridges has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[2]

//

//

---

[1] Ten Bridges' allegation, on information and belief, that "no member of [Midas] or Madrona is an Oregon citizen" (Compl. ¶ 7) does not comply with Local Civil Rule 8(a), which requires a plaintiff asserting diversity jurisdiction to identify the citizenship of the members of any party that is a limited liability company. *See* Local Rules W.D. Wash. LCR 8(a).

[2] The court notes that if any member of Ten Bridges, Midas, or Madrona is itself a limited liability company, Ten Bridges must provide information about the citizenship of the members of that limited liability company as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

Accordingly, the court ORDERS Ten Bridges to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If Ten Bridges fails to provide the court with the information described above within seven (7) days of the date of this order, the case will be dismissed without prejudice. Any Defendant who appears in this proceeding prior to the foregoing deadline, may, but is not required to, respond to the court's order to show cause within the same timeframe.

Dated this 21st day of August, 2019.

JAMES L. ROBART
United States District Judge