1   William G. Fig, WSBA 33943                    Honorable James L. Robart
    wfig@sussmanshank.com
2   SUSSMAN SHANK LLP
    1000 SW Broadway, Suite 1400
3   Portland, OR  97205-3089
    Telephone: (503) 227-1111
4   Facsimile: (503) 248-0130
        Attorney for Plaintiff

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9               WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10  TEN BRIDGES, LLC, a Foreign Limited      )   Case No. 2:19-CV-01237-JLR
    Liability Company,                        )
11                                            )   MOTION TO ALLOW FILING OF
                             Plaintiff,       )   SECOND AMENDED COMPLAINT
12                                            )
            v.                                )
13                                            )   NOTE ON MOTION CALENDAR:
    MIDAS MULLIGAN, LLC, a Washington         )   September 25, 2020
14  Limited Liability Company; MADRONA        )
    LISA, LLC, a Washington Limited Liability )
15  Company; and DANIELLE GORE, an            )
    individual,                               )
16                                            )
                             Defendants.      )
17                                            )
    AND RELATED COUNTERCLAIM                  )
18

19                          **CERTIFICATION**

20          Plaintiff certifies the parties discussed the issues raised by this motion and were not able to

21  agree on them.  Defendants would not stipulate to the filing of the Second Amended Complaint.

22                             **MOTION**

23          Pursuant to FRCP 15 and LCR 15, plaintiff moves the court for an order allowing the filing

24  of the attached Second Amended Complaint. This motion is supported by the Declaration of

25  William G. Fig ("Fig Decl.")

26  / / /

MOTION TO ALLOW FILING OF SECOND AMENDED
COMPLAINT - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1                                       **DISCUSSION**

2       A.  <u>Applicable Law.</u>

3       FRCP 15(a)(2) permits a party to amend a pleading with the opposing party's consent or

4 with leave of court, which should freely be given when justice so requires.  Courts will consider

5 prejudice to the other party, bad faith, futility of the amendment, and undue delay when deciding

6 such a motion. *See Jenkins v. Union Pac. R.R.,* 22 F3d 206, 212–213 (9th Cir 1994); *Howey v.*

7 *United States,* 481 F2d 1187, 1190 (9th Cir 1973).

8       B.  <u>Application of Law to Facts.</u>

9       Plaintiff and defendants have exchanged written discovery. Fig Decl., ¶ 1.  In response to

10 plaintiff's discovery, defendants produced emails between defendants' principal, Matthew Alex

11 Toth, and Ms. Asano and texts between defendant Danielle Gore and Ms. Guandai, and Mr.

12 Thomas.  *Id*. A review of the emails showed that Mr. Toth reached out directly to Ms. Asano, via

13 email, to convince her to challenge her agreement with plaintiff and to oppose plaintiff's efforts to

14 redeem the Asano property from defendants.  *Id*. at ¶ 3. The discovery further revealed that Ms.

15 Gore reached out directly to Ms. Guandai and Mr. Justin Thomas, via unsolicited texts, to convince

16 them to challenge their respective agreement with plaintiff and to challenge plaintiff's motion for

17 disbursement of surplus funds. *Id*. at ¶ 4. Importantly, defendants had absolutely no connection to

18 Mr. Thomas or the property at issue.

19       Plaintiff was unaware of these direct communications by defendants and Toth, and the

20 extent thereof, prior to the receipt of defendants' discovery responses and production of

21 documents. *Id*. at ¶ 5. Plaintiff created and propounded a second set of discovery requests to

22 defendants to follow up on the aforementioned contacts and to ascertain whether defendants or

23 Mr. Toth had contacted any other individuals with whom plaintiff was doing, or attempting to do,

24 business.  *Id*. at ¶ 7. On July 2, 2020, defendants filed a motion for protective order relating to

25 these new discovery requests. Plaintiff was waiting for defendants' responses to the second round

26 of discovery before seeking to amend its complaint; however, for the reasons set forth below,

MOTION TO ALLOW FILING OF SECOND AMENDED
COMPLAINT - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  plaintiff is requesting permission to file a Second Amended Complaint now, even though there are

2  discovery requests pending.  *See Id.*

3        Plaintiff filed this motion now because the court recently made it clear that,

4  notwithstanding defendants' pending motion to stay, this case needs to proceed forward in a timely

5  manner. Notwithstanding, on August 31, 2020, the court graciously entered an order resetting the

6  trial date to sometime after January 1, 2022, and resetting the associated case management

7  deadlines consistent with the new trial date.  As of the date of this motion, these dates had not been

8  set. The new deadline to file amended pleadings is September 30, 2020.

9        Under the aforementioned circumstances, plaintiff's motion is timely filed.  Plaintiff has

10  expeditiously filed its motion to allow the filing of the Second Amended Complaint the week after

11  the August 31 order.  Regarding the existing defendants, the Second Amended Complaint refines

12  and expands on plaintiff's existing claims for relief based on information obtained during the first

13  round of discovery.  Fig Decl., ¶ 6. The proposed Second Amended Complaint does add a party,

14  Matthew Alex Toth, due to communications between Mr. Toth and Ms. Asano discovered during

15  discovery. Mr. Toth, a principal of defendants Midas Mulligan and Madrona, was well aware of

16  this proceeding and the claims against defendants. Defendants and Mr. Toth will not be prejudiced

17  by the filing of a Second Amended Complaint as there is more than sufficient time and opportunity

18  to pursue discovery and engage in dispositive motion practice. *Id.* at ¶ 8.

19  **CONCLUSION**

20        Based on the above, plaintiff respectfully requests the court grant its motion and enter an

21  order allowing the filing of the Second Amended Complaint.

22        DATED this 10th day of September, 2020.

23        SUSSMAN SHANK LLP

24        By s/ William G. Fig

          William G. Fig, WSBA 33943

25        wfig@sussmanshank.com

          Attorney for Plaintiff

26

MOTION TO ALLOW FILING OF SECOND AMENDED
COMPLAINT - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1

William G. Fig, WSBA 33943

2

~~wfig@sussmanshank.com~~

wfig@sussmanshank.com

3

SUSSMAN SHANK LLP

4

1000 SW Broadway, Suite 1400

Portland, OR  97205-3089

5

Telephone: (503) 227-1111

Facsimile: (503) 248-0130

6

     Attorneys for Ten Bridges, LLC

7

8

9

          IN THE UNITED STATES DISTRICT COURT

10

     WESTERN DISTRICT OF WASHINGTON AT SEATTLE

11

TEN BRIDGES, LLC, a Foreign Limited
Liability Company,

     )
     )

Case No. 2:19-cv-01237-JLR

12

     )
Plaintiff,           )

(PROPOSED) SECOND AMENDED
COMPLAINT

13

     )

14

v.            )
     )

(Tortious Interference with Business
Relationships, Abuse of Process and
Injunctive Relief)

15

MIDAS MULLIGAN, LLC, a Washington
Limited Liability Company; MADRONA

     )
     )

16

LISA, LLC, a Washington Limited Liability
Company; ~~and~~ DANIELLE GORE, an

     )
     )

17

individual~~,~~; and MATTHEW A. TOTH, an
individual,

     )
     )

18

Defendants.

19

     COMES NOW, Ten Bridges, LLC, by and through its attorneys of record, Sussman

20

Shank, LLP, and alleges against the above-named defendants as follows:

21

                    **INTRODUCTION**

22

     1.     Plaintiff Ten Bridges, LLC ("TBL") and Defendant Midas Mulligan, LLC

23

("MML") and Defendant Madrona Lisa, LLC ("Madrona") are direct competitors. TBL, MML

24

and Madrona all purchase residential property at judicial foreclosure auctions. The companies

25

also purchase redemption rights and/or the right to surplus proceeds from foreclosed owners and

26

related parties following the sheriff's sale of a property.

     2.     Over approximately the last seven months, MML and Madrona have purposefully

~~SECOND S~~
~~SECOND~~ AMENDED COMPLAINT - Page  1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1 undertaken wrongful and improper actions to interfere with TBL's contracts with parties for the
2 purchase of their redemption rights and/or their rights to surplus proceeds, causing direct harm
3 and damage to TBL.

**PARTIES**

3.     Plaintiff TBL is an Oregon Limited Liability Company.

4.     Defendant MML is a Washington limited liability company with its principal place of business in Woodinville, Washington, which is in King County.

5.     Defendant Madrona is a Washington limited liability company with its principal place of business in Spokane, Washington.  Madrona does business in western Washington.

6.     Danielle Gore is a representative and principal of MML and Madrona.  At all relevant times, Ms. Gore was acting as an authorized agent of these entities.

7.     Matthew Alex Toth is a representative and principal of MML and Madrona. At all relevant times, Mr. Toth was acting as an authorized agent of these entities.

**JURISDICTION AND VENUE**

8.     7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties.  TBL is a citizen of Oregon.  TBL's sole member, Demian Heald, is an Oregon citizen.  MML and Madrona are citizens of Washington.  Both MML and Madrona have two members – Matthew Toth and Danielle Gore.  Based on information and belief, Danielle Gore and Matthew Toth are both citizens of Washington.  The amount at issue exceeds $75,000.

9.     8. MML's principal place of business is in King County, Washington.  Most of the circumstances giving rise to TBL's claims in this action against MML and Madrona occurred in King and/or Snohomish counties and involve properties located in those counties.  Venue is proper in the Western District of Washington.

**FACTUAL BACKGROUND**

10.     9. TBL is a real estate investment firm.  Some of TBL's acquisitions take place

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

through judicial foreclosure sales where TBL bids on foreclosed residential properties. TBL also acquires redemption rights to foreclosed property and/or rights to surplus proceeds from foreclosed property owners and related parties, which rights entitle TBL to redeem foreclosed properties or collect surplus proceeds, if any, following a judicial foreclosure sale after all secured creditors are satisfied.

11. ~~10.~~ MML and Madrona also acquire ~~property~~properties directly at foreclosure sales and acquire redemption rights from foreclosed owners and related parties.

12. ~~11.~~ Generally, a foreclosed owner or related party will sell their property rights to TBL when they are interested in receiving an upfront payment quickly, to avoid the cost and expense of redeeming a property or pursing surplus proceeds, or when they are unsure whether any surplus proceeds will remain after the secured debt is satisfied.

**MILLSAP SALE**

13. ~~12.~~ On or about November 16, 2018, Madrona purchased property located at 17702 115th St. NE, Granite Falls, Washington, at a foreclosure sale (the "115th St. Property"). On January 7, 2019, TBL acquired the Jay Millsap's rights and interest in the 115th St. Property, which included any redemption rights and the right to any surplus proceeds (the "Millsap Sale").  TBL recorded the Quit Claim Deed for the 115th St. Property on January 8, 2019.

14. ~~13.~~ Thereafter, Danielle Gore ~~of~~, on Madrona's behalf, contacted TBL and told TBL that Madrona was angry because TBL had purchased Jay Millsap's rights in the 115th St. Property. Ms. Gore also told TBL that Mr. Millsap's brother was unhappy with the Millsap Sale and wanted his brother to try to get out of the Millsap Sale. Ms. Gore told TBL that if it did not sell Madrona the redemption rights to the 115th Street Property, Madrona would reach out to Mr. Millsap's brother and encourage him to challenge the Millsap Sale.

15. ~~14.~~ Subsequently, Ms. Gore ~~of~~, on Madrona's behalf, contacted TBL's President by phone and threatened to contact the Washington Attorney General's office and the local news media regarding TBL unless TBL sold Madrona the redemption rights to 115th St. Property.  Ms.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Gore expressly told TBL Madrona would interfere with TBL's existing business relationships and its future dealings if TBL refused to sell Madrona the redemption rights to the 115th St. Property. To avoid the threatened interference with its business relationship (and associated costs), TBL sold Madrona the redemption rights to 115th St. Property.

**GUANDAI SALE**

16. ~~15.~~ On or about March 30, 2018, MML purchased property located at 11532 15th Ave. NE #201, Seattle, Washington, owned by Teresa W. Guandai, at a foreclosure sale (the "Guandai Property").

17. ~~16.~~ On or about April 1, 2019, Ms. Guandai sold her rights and any interest in the Guandai Property to TBL pursuant to a Quit Claim Deed. The Quit Claim Deed was recorded on April 2, 2019.  The Quit Claim Deed signed by Ms. Guandai advised her that: (i) she had a right to hire an attorney; (ii) she was giving up her right to redeem the Guandai Property; (iii) she was giving up her right to collect surplus proceeds for the Guandai Property; and (iv) TBL would have the right to collect the surplus proceeds for the Guandai Property.

18. ~~17.~~ The sale of the Guandai Property resulted in surplus proceeds of $89,234.72 (the "Guandai Proceeds").  TBL filed a motion to obtain the Guandai Proceeds in *Pinehurst Lane Condominium Assoc. v. Teresa Guandai*, Case No. 15-2-26658-6 SEA ("King County Action"). Despite a complete lack of standing to do so, MML objected to TBL's motion and requested that the Guandai Proceeds be distributed to MML.  Following proceedings before a King County Commissioner, TBL obtained a declaration from Ms. Guandai that she was satisfied with her sale to TBL and entered into the agreement fully aware of its legal consequences.

19. Thereafter, although the Commissioner denied MML's claim to the Guandai Proceeds, Danielle Gore, on MML's behalf, contacted Ms. Guandai and actively encouraged her to challenge and oppose TBL's claim to the Guandai Proceeds.  Ms. Gore had a declaration prepared for Ms. Guandai's signature that completely contradicted Ms. Guandai's prior declarations and the agreement Ms. Guandai had signed with TBL. Ms. Gore had MML's counsel file the declaration

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

filed in the King County Action and she instructed Ms. Guandai where and when to show up for the subsequent hearing on the Guandai Proceeds.

20. 18. Thereafter, at aAt the subsequent hearing regarding the Guandai Proceeds, Ms. Guandai appeared along with MML's attorney to object to TBL's motion. Even though MML no longer asserted any claim to the Guandai Proceeds, MML, through its counsel, advocated that Ms. Guandai, not TBL, was entitled to receive the Guandai Proceeds.

21. The Commissioner awarded Ms. Guandai the Guandai Proceeds. After the hearing, Ms. Gore, on MML's behalf, continued to contact Ms. Guandai to ensure she responded to any appeal of the Commissioner's ruling by TBL.  Ms. Gore encouraged Ms. Guandai to contact the NW Justice Project and presented a declaration that completely contradicted the declaration she previously signedthe Attorney General regarding TBL.  Eventually, Ms. Gore referred Ms. Guandai to MML's counsel, Guy Beckett. Litigation is ongoing with respect to the Guandai Proceeds.  After the ruling by the Superior Court Commissioner in the King County Action, MML's attorney appeared foron Ms. Guandai's behalf in TBL's appeal of the Commissioner's ruling.

22. 19. TBL believes, and therefor avers, upon information and belief, that MML, through the actions of its principal, Ms. Gore, caused Ms. Ms. Guandai to seek to rescind her agreement with TBL, Among other things, Ms. Gore induced herMs. Guandai to sign a false declaration, and is providing legal counselprovided Ms. Guandai with advice and encouragement to her to challenge her agreement with TBL and TBL's motion for disbursement of the Guandai Proceeds, all in an effort to interfere with the intent and purpose of interfering with TBL's business relationship and agreement with Ms. Guandai, and TBL's legal right to recover the Guandai Proceeds.

23. 20. MML's litigation conduct in the King County Action is, and has been, a sham, and therefore is not protected litigation conduct.

**THOMAS SALE**

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

24.   21. On or about December 28, 2018, a third-party purchased property owned by the late Benjamin Thomas located at 23432 13th Place, Bothell, Washington at a foreclosure sale (the "Thomas Property").

25.   22. On or about May 9, 2019, Justin Thomas, the sole heir of Benjamin Thomas, sold his rights and any interest in the Thomas Property to TBL pursuant to a Quit Claim Deed. Mr. Thomas was represented by an Idaho attorney during negotiations with TBL. The Quit Claim Deed was recorded on May 9, 2019.

26.   23. The sale of the Thomas Property resulted in excess proceeds of $156,490.44 (the "Thomas Proceeds").

27.   24. On May 21, 2019, TBL filed a motion seeking to recover the Thomas Proceeds.

28.   On or about June 6, 2019, Ms. Gore, on behalf of MML and/or Madrona, made unsolicited contact with Justin Thomas regarding the Thomas Proceeds despite the fact neither MML nor Madrona had any interest in or clam to the Thomas Property or the Thomas Proceeds.

29.   Ms. Gore relentlessly encouraged and cajoled Mr. Thomas to breach his agreement with TBL and to object to TBL's motion for disbursement of the Thomas Proceeds. Ms. Gore actively followed up with Mr. Thomas to make sure he was undertaking action to oppose TBL's motion.

30.   Ms. Gore also aggressively encouraged Mr. Thomas to contact NW Justice Project and the Washington Attorney General regarding TBL and apparently emailed the Attorney General regarding TBL's motion to disburse the Thomas Proceeds. Eventually, Ms. Gore referred Mr. Thomas to MML's counsel Guy Beckett.

31.   25. In response to the motionAs a result of Ms. Gore's actions, Justin Thomas filed an objection through Washington counsel. The sameto TBL's motion. Mr. Beckett, MML's attorney MML retained in the Guandai matter filed a Notice of Association with Thomas' counsel(and retained by Ms. Guandai to defend TBL's appeal), also represents Mr. Thomas in contesting TBL's claim to the Thomas Proceeds.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    ///

2    ///

3        32.   26. TBL believes, and therefor avers, upon information and belief, that MML

4    convincedMML and/or Madrona, through the actions of their principal, Ms. Gore, contacted Mr.

5    Thomas for the sole purpose and intent to convinced him to breach his agreement with TBL, and to

6    object to TBL's motion to obtain the Thomas Proceeds. Ms. Gore contacted Mr. Thomas for

7    malicious purpose of interfering with TBL's business relationship and contract with Mr. Thomas

8    thereby causing TBL harm.

9        **ASANO SALE**

10       33.   27. On or about March 22, 2019, Madrona purchased 1344 Bellevue Way NE,

11   # 5, Bellevue, WA (the "Asano Property").

12       34.   28. On or about May 15, 2019, Yukiko Asano ("Asano"), sold and transferred any

13   and all interest she had in the Asano Property to TBL pursuant to a Quit Claim Deed.  Based on the

14   Quit Claim Deed, TBL filed a Notice of Intent to Redeem the Asano Property and tendered

15   sufficient funds to the court, King County Case No. 18-2-03471-0 SEA (the "Asano Action").

16   Madrona objected to TBL's notice claiming, in bad faith, that the Deed executed by Ms. Asano was

17   void and of no legal affect.

18       35.   29. TBL believes, and therefor avers, upon information and belief, that Madrona

19   hashad no good faith basis to object to TBL's Notice to Redeem or to the amount of the

20   redemption funds and has only done so to cause TBL harm and to collaterally attack TBL's contract

21   with Ms. Asano.

22       36.   As part of Madrona's efforts to challenge TBL's Notice to Redeem, Michael Toth,

23   on Madrona's behalf, made unsolicited contact with Asano and actively encouraged her to breach

24   her agreement with TBL. Mr. Toth referred Asano to Madrona's counsel, Guy Beckett, to assist

25   with her challenge to the May 15, 2019 agreement.

26       37.   Mr. Toth's actions on Madrona's behalf were taken for the purpose and intent of

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

interfering with TBL's business relationship and contract with Asano and to cause TBL harm. The aforementioned interference was also taken to prevent TBL from redeeming the Asano Property thereby benefiting Madrona's business interests.

38. 30. Madrona's litigation conduct in the Asano Action is, and has been, a sham, and therefore is not protected litigation conduct.

**FIRST CLAIM FOR RELIEF**

**(Tortious Interference with Business Relationships - Madrona)**

39. 31. TBL realleges and incorporates by reference paragraphs 1 through 1415 and 33 through 38 of the Second Amended Complaint as though fully set forth herein.

**COUNT I - Millsap**

40. 32. As described above in paragraphs 13 through 15, TBL entered into a contract with Mr. Millsap wherein he conveyed his rights to, and any interest in, the 115 St. Property to TBL. In exchange, TBL compensated Mr. Millsap and performed all conditions required pursuant to the respective agreement.

41. 33. Madrona and Ms. Gore were aware of TBL's contract and business relationship with Mr. Millsap and, but for their wrongful interference, TBL had a reasonable expectation that Mr. Millsap would perform his obligations under the agreement and that TBL would be entitled to redeem the 115th St. Property.

42. 34. Despite having this knowledge, Madrona, through Ms. Gore, knowingly, intentionally, and without privilege, endeavored and sought to engage in acts which interfered with TBL's business relationship with Mr. Millsap to force TBL, under duress, to sell its redemption rights to the 115th St. Property to Madrona. Madrona's and Ms. Gore's actions on behalf of Madrona were taken with the intentional and improper purpose of causing harm to TBL, and carried out through improper means, including, but not limited to, threats of alleged exposure, negative publicity, and threats of interfering with TBL's agreement with Mr. Millsap.

43. 35. Madrona and Gore's tortious interference with TBL's contract with Mr.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Millsap, via the actions of Ms. Gore, has caused specific harm to TBL in an amount not less than the equity in the 115th St. Property ($150,000.00), together with other amounts to be proven at trial.

44.  36. As a further result of Madrona's interference with TBL's business relationships through the act of principal, Ms. Gore, TBL has suffered and will continue to suffer irreparable injury and loss, and has sustained damages including, but not limited to, loss of excess proceeds, loss of profits and future profits, and loss of good will.

### COUNT II - Asano

45.  As described above in paragraphs 33 through 38, TBL entered into a contract with Asano wherein she conveyed her rights to, and any interest in, the Asano Property to TBL. In exchange, TBL compensated Asano and performed all conditions required pursuant to the respective agreement.

46.  Madrona and Mr. Toth were aware of TBL's contract and business relationship with Asano and, but for their wrongful interference, TBL had a reasonable expectation that Asano would perform her obligations under the agreement and that TBL would be entitled to redeem the Asano Property and petition the court for any surplus proceeds.

47.  Despite having this knowledge, Madrona, through Mr. Toth, knowingly, intentionally, and without privilege, endeavored and sought to engage in acts which interfered with TBL's business relationship and contract with Asano. Mr. Toth's actions on behalf of Madrona were taken with the intentional and improper purpose of causing harm to TBL, and carried out through improper means, including, but not limited to, contacting Asano and convincing her to breach her agreement with TBL and oppose TBL's redemption of the Asano Property.

48.  Madrona's tortious interference with TBL's contract and business relationship with Asano, via the acts of Mr. Toth, has caused specific harm to TBL in an amount not less than $275,000.00, together with other amounts to be proven at trial.

SECOND S
SECOND AMENDED COMPLAINT - Page 9

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

49. As a further result of Madrona's interference with TBL's business relationships through the actions of its principal, Mr. Toth, TBL has suffered and will continue to suffer irreparable injury and loss, and has sustained damages including, but not limited to, loss of excess proceeds, loss of profits and future profits, and loss of good will.

**SECOND CLAM FOR RELIEF**

**(Tortious Interference with Business Relationships – Ms. Gore)**

**(Tortious Interference with Business Relationships - MML)**

50. 37. TBL realleges and incorporates by reference paragraphs 1 through 14 of the Amended Complaint as though fully set forth herein.

38. Ms. Gore's tortious interference with TBL's contract with Mr. Millsap has caused specific harm to TBL in an amount not less than the equity in the 115th St. Property ($150,000.00), together with other amounts to be proven at trial.

**THIRD CLAM FOR RELIEF**

**(Tortious Interference with Business Relationships - MML)**

39. TBL realleges and incorporates by reference paragraphs 112 and 16 through 11 and 15 through 2632 of the Second Amended Complaint as though fully set forth herein.

**COUNT I - Guandai**

51. 40. As described above in paragraphs 16 through 23, TBL entered into contractsa contract with Ms. Guandai and Mr. Thomas pursuant to which Ms. Guandai and Mr. Thomas conveyed their propertyher interests in and rights to the Guandai Property to TBL. In exchange, TBL compensated Ms. Guandai and Mr. Thomas and performed all conditions required pursuant to the respective agreementsits agreement with Ms. Guandai.

52. 41. MML wasand Ms. Gore were aware of these contractsTBL's business relationship and contract with Ms. Guandai and, but for MML's wrongful interference, via its principal, Ms. Gore, TBL had a reasonable expectation that Ms. Guandai and Mr. Thomas

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

would perform ~~their~~her obligations under ~~the agreements~~her agreement with TBL and that ~~it~~TBL would receive the Guandai Proceeds ~~and the Thomas Proceeds~~.

53. ~~42.~~ Despite having this knowledge, MML, through Ms. Gore, knowingly, intentionally, and without privilege, endeavored and sought to engage in acts which intended and did induce Ms. Guandai ~~and Mr. Thomas to~~ breach ~~their agreements~~her agreement with TBL. ~~MML~~Ms. Gore's actions on MML's behalf were taken with the intentional and improper purpose of causing harm to TBL, and carried out through improper means, including, but not limited to, inducing breaches of Ms. Guandai ~~and Mr. Thomas' contracts~~contract with TBL.

54. ~~43.~~ MML's tortious interference with TBL's ~~contracts~~contract with Ms. Guandai ~~and Mr. Thomas~~through the actions of its principal, Ms. Gore, caused specific harm to TBL in an amount not less than the Guandai Proceeds ($89,234.72), together with other amounts to be proven at trial.

55. As a result of MML's interference with TBL's business relationship and contract with Ms. Guandai, through the actions of Ms. Gore, TBL has suffered and will continue to suffer irreparable injury and loss, and has sustained damages including, but not limited to, loss of excess proceeds, loss of profits and future profits, and loss of good will.

## COUNT II - Thomas

56. As described above in paragraphs 24 through 32, TBL entered into a contract with Mr. Thomas pursuant to which Mr. Thomas conveyed his property rights in the Thomas Property to TBL. In exchange, TBL compensated Mr. Thomas and performed all conditions required pursuant to its agreement with him.

57. MML and Ms. Gore were aware of TBL's business relationship and contract with Mr. Thomas and, but for MML's wrongful interference via Ms. Gore, TBL had a reasonable expectation that Mr. Thomas would perform their obligations under his agreement with TBL and that TBL would receive the Thomas Proceeds.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

58. Despite having this knowledge, MML, through Ms. Gore, knowingly, intentionally, and without privilege, endeavored and sought to engage in acts which intended and did induce Mr. Thomas to breach his agreement with TBL. Ms. Gore's actions on MML's behalf were taken with the intentional and improper purpose of causing harm, to TBL, and carried out through improper means, including, but not limited to, inducing Mr. Thomas to breach his contract with TBL.

59. MML's tortious interference with TBL's business relationship and contract with Mr. Thomas, via the actions of Ms. Gore, have caused specific harm to TBL in an amount not less than the ~~Guandai Proceeds  ($89,234.72) plus the~~ Thomas Proceeds ($156,490.44), together with other amounts to be proven at trial.

60. ~~44.~~ As a result of MML's interference with TBL's ~~contracts~~business relationship and contract with Mr. Thomas, through the acts of its principal, Ms. Gore, TBL has suffered and will continue to suffer irreparable injury and loss, and has sustained damages including, but not limited to, loss of excess proceeds, loss of profits and future profits, and loss of good will.

### ~~FOURTH~~THIRD CLAIM FOR RELIEF

### (Tortious Interference with Business Relationships – Ms. Gore)

61. TBL realleges and incorporates by reference paragraphs 1 through 32, 39 through 44, and 50 through 60 of the Second Amended Complaint as though fully set forth herein.

### COUNT I - Millsap

62. As alleged in paragraphs 13 through 15 and 39 through 44 above, Ms. Gore (a) knowingly, intentionally, and without privilege, endeavored and sought to, and did, engage in acts which interfered with TBL's business relationship with Mr. Millsap to force TBL, under duress, to sell its redemption rights to the 115th St. Property to Madrona; (b) undertook these acts with the intentional and improper purpose of causing harm to TBL; (c) carried out these acts through improper means, including, but not limited to, threats of alleged exposure, negative publicity, and threats of interfering with TBL's agreement with Mr. Millsap.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

63. As a result of Ms. Gore's tortious interference with TBL's business relationship and contract with Mr. Millsap, Ms. Gore has: (a) caused specific harm to TBL in an amount not less than the equity in the 115th St. Property ($150,000.00), together with other amounts to be proven at trial; and (b) caused TBL to suffer irreparable injury and loss, and damages including, but not limited to, loss of excess proceeds, loss of profits and future profits, and loss of good will.

**COUNT II - Guandai**

64. As alleged in paragraphs 16 through 23 and 50 through 55 above, Ms. Gore (a) knowingly, intentionally, and without privilege, endeavored and sought to, and did, engage in acts which interfered with TBL's business relationship and contract with Ms. Guandai; (b) actively sought to induce Ms. Guandai to breach her agreement with TBL; (c) undertook her acts with the intentional and improper purpose of causing harm to TBL; (d) carried out her acts through improper means, including, but not limited to, directly texting Ms. Guandai telling her to oppose TBL's motion to disburse the Guandai Proceeds, preparing a declaration for Ms. Guandai in support of such opposition, and instructing her where and when to show up to a hearing.

65. As a result of Ms. Gore's tortious interference with TBL's business relationship and contract with Ms. Guandai, Ms. Gore has: (a) caused specific harm to TBL in an amount not less than the Guandai Proceeds ($89,234.72), together with other amounts to be proven at trial; and (b) caused TBL to suffer irreparable injury and loss, and damages including, but not limited to, loss of profits and future profits, and loss of good will.

**COUNT III - Thomas**

66. As alleged in paragraphs 24 through 32 and 56 through 60 above, Ms. Gore (a) knowingly, intentionally, and without privilege, endeavored and sought to, and did, engage in acts which interfered with TBL's business relationship and contract with Mr. Thomas; (b) actively sought to induce Mr. Thomas to breach his agreement with TBL; (c) undertook her acts with the intentional and improper purpose of causing harm to TBL; (d) carried out her acts

SECOND AMENDED COMPLAINT - Page 13

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

through improper means, including, but not limited to, directly texting Mr. Thomas telling him to oppose TBL's motion to disburse the Thomas Proceeds, contacting the Attorney General on Mr. Thomas' behalf, and instructing him how to oppose TBL's motion.

67.     As a result of Ms. Gore's tortious interference with TBL's business relationship and contract with Mr. Thomas, Ms. Gore has: (a) caused specific harm to TBL in an amount not less than the Thomas Proceeds ($156,490.44), together with other amounts to be proven at trial; and (b) caused TBL to suffer irreparable injury and loss, and damages including, but not limited to, loss of profits and future profits, and loss of good will.

**FOURTH CLAIM FOR RELIEF**

**(Toth - Tortious Interference with Business Relationships)**

68.     TBL realleges and incorporates by reference the paragraphs 1 through 12, 33 through 38 and 45 through 49 of the Second Amended Complaint as though fully set forth herein.

69.     Mr. Toth, knowingly, intentionally, and without privilege, endeavored and sought to, and did, engage in acts which interfered with TBL's business relationship and contract with Asano. Mr. Toth's actions were taken with the intentional and improper purpose of causing harm to TBL, and carried out through improper means, including, but not limited to, contacting Asano via email and convincing her to breach her agreement with TBL and oppose TBL's redemption of the Asano Property.

70.     Mr. Toth's tortious interference with TBL's business relationship and contract with Ms. Asano caused: (a) specific harm to TBL in an amount not less than $275,000, together with other amounts to be proven at trial; and (b) TBL to suffer irreparable injury and loss, and damages including, but not limited to, loss of profits and future profits, and loss of good will.

**FIFTH CLAIM FOR RELIEF**

**(Abuse of Process—MML)**

45.  71. TBL realleges and incorporates by reference the foregoing paragraphs 1 through 12 and 16 through 23 of the Second Amended Complaint as though fully set forth herein.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

46. 72. MML filed an objection claim to the Guandai Proceeds in the King County Action with the ulterior purpose of harassing and harming TBL. That objection is not within the proper scope of process in the King County Action.47. MML's filing an objection in the King County Action, despite lacking standing and despite MML's ulterior purpose, was not a proper act in the regular prosecution of proceedings.

48. 73.   After MML's claim to the Guandai Proceeds was denied, MML prepared and filed a Declaration for Ms. Guandai in the King County Action with the ulterior purpose of harassing and harming TBL. MML's counsel appeared and argued that Ms. Guandai, not TBL, was entitled to the Guandai Proceeds. MML's actions were not within the proper scope of process in the King County Action. MML's perpetuation of the King County Action—through MML's objection to TBL's motion, asserting its own claim to the Guandai Proceeds and its funding representation ofassistance to Guandai in asserting a claim to the Guandai Proceeds—is solely for the purpose of harassing and harming TBL and as such is not a proper act in the regular prosecution of the proceedings.

49. 74. As a proximate result of MML's conduct in relation to the King County Action, MML has damaged TBL in an amount equaling TBL's outlay for legal fees and costs in the King County Action and TBL's appeal of the Commissioner's ruling in that action —an amount not less than $20,00050,000 and subject to proof at trial in this matter.

FIFTHSIXTH CLAIM FOR RELIEF

(Abuse of Process—Madrona)

50. 75. TBL realleges and incorporates by reference the foregoing paragraphs 1 through 12 and 33 through 38 of the Second Amended Complaint as though fully set forth herein.

51. 76. Madrona filing an objection to TBL's tender of the redemption proceeds in the Asano Action was for the ulterior purpose of harassing and harming TBL. That objection is not within the proper scope of process in the Asano Action.

///

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

52. 77. Madrona's filing an objection in the Asano Action, was for the ulterior purpose of harassing and harming TBL and was not a proper act in the regular prosecution of the Asano Action.

53. 78. Madrona's involvement in the Asano Action is solely for the purpose of harassing and harming TBL and as such is not a proper act in the regular prosecution of the proceedings.

54. 79. As a proximate result of Madrona's conduct in relation to the Asano matter, Madrona has damaged TBL in an amount equaling TBL's outlay for legal fees and costs in the Asano Action and the appeals arising therefrom —an amount not less than $10,00050,000 and subject to proof at trial in this matter.

**SIXTHSEVENTH CLAIM FOR RELIEF**

**(Injunctive Relief)**

55. 80. TBL realleges and incorporates by reference the foregoing paragraphs of the Second Amended Complaint as though fully set forth herein.

56. 81. TBL has a clear legal and/or equitable right to prohibit MML and Madrona from engaging in the above-described wrongful conduct because it has protectable rights in its contractual relationships with parties who sell their redemption rights to TBL. MML and Madrona are intentionally interfering with TBL's contractual and business relationships to the substantial harm, damage, and detriment of TBL.

57. 82. MML's and Madrona's continued conduct will result in substantial injury to TBL because its ability to recover surplus proceeds is a vital component of TBL's business.

5883. The Court should enter a preliminary injunction to prevent future harm to TBL and enter a permanent injunction at trial.

///

///

**PRAYER FOR RELIEF**

**WHEREFORE,** TBL respectfully requests judgment as follows:

SECOND SSECOND AMENDED COMPLAINT - Page 16

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1. On the First Claim for Relief:

    a. For judgment against Madrona in an amount not less than $~~150,000.00~~425,000.00;

2. On its Second Claim for Relief:

    a. For judgment against ~~Gore~~MML in the amount of $~~150,000.00~~245,725.16;

3. On its Third Claim for Relief:

    a. For judgment against ~~MML~~Gore in an amount not less than $~~245,725.16~~395,725.16;

4. On its Fourth Claim for Relief:

    a. For judgment against ~~MML~~Toth in an amount not less than $~~20,000~~275,000;

5. On its ~~Fourth~~Fifth Claim for Relief:

    a. For judgment against ~~Madrona~~MML in an amount not less than $~~10,000~~50,000;

6. On its Sixth Claim for Relief:

    a. For ~~and~~judgment against Madrona in an amount not less than $50,000;

7. On its Seventh Claim for Relief:

    a. For an order temporarily and permanently enjoining MML and Madrona from improperly interfering with TBL's economic and prospective economic relations; and

8. ~~7.~~For such other relief as the court deems just and proper.

Dated this ~~27~~10th day of ~~August~~September, ~~2019~~2020.

SUSSMAN SHANK LLP

By /s/ William G. Fig
William G. Fig, WSBA 33943

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1                              ~~Attorneys~~Attorney for Plaintiff Ten Bridges, LLC

2

3      ~~*24813-003 (03255328)~~
       (03550518)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND S
~~SECOND~~ AMENDED COMPLAINT - Page 18

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Document comparison by Workshare 10.0 on Thursday, September 10, 2020
10:48:14 AM

| Input: | |
|---|---|
| Document 1 ID | file://\\hydra\sys\wdocs\clntfls\24813\003\PLEADING\03255328. DOCX |
| Description | 03255328 |
| Document 2 ID | file://\\hydra\sys\wdocs\clntfls\24813\003\PLEADING\03550518. DOCX |
| Description | 03550518 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 219 |
| Deletions | 129 |
| Moved from | 6 |
| Moved to | 6 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 360 |

CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

1.      My name is Joanna M. Bolstad.  I am a citizen of Clackamas County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2.      On September 10, 2020, I caused to be delivered via **the court's ecf system**, a copy of **MOTION TO ALLOW FILING OF SECOND AMENDED COMPLAINT** to the interested parties of record, addressed as follows:

> Guy W. Beckett
> BERRY & BECKETT, PLLP
> 1708 Bellevue Ave.
> Seattle, WA 98122
> *gbeckett@beckettlaw.com*
>
> Attorneys for Defendants/Counterclaimants

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

> *s/ Joanna M. Bolstad*
> Joanna M. Bolstad, Legal Assistant

(03548852)

MOTION TO ALLOW FILING OF SECOND AMENDED
COMPLAINT - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130