1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    TEN BRIDGES, LLC,                          CASE NO. C19-1237JLR

11                                Plaintiff,     ORDER DENYING MOTION
                                                 FOR A STAY
              v.

12

13    MIDAS MULLIGAN, LLC, et al.,

14                                Defendants.

15                        **I.    INTRODUCTION**

16          Before the court is Defendants Midas Mulligan, LLC ("Midas"), Madrona Lisa,

17    LLC ("Madrona"), and Danielle Gore's (collectively, "Defendants") motion to stay the

18    proceedings and for a protective order.  (*See* Mot. (Dkt. # 27); *see also* Reply (Dkt.

19    # 33).)  Plaintiff Ten Bridges, LLC ("Ten Bridges") opposes the motion.[1]  (*See* Resp.

20

21          ─────────────
            [1] Defendants object to the court's consideration of Ten Bridges' response because it was
      filed two days late.  (*See* Mot. at 1 n.2 (citing Local Rules W.D. Wash. LCR 7(d)(3)).)
22    Defendants filed a reply memorandum and had the opportunity to respond to Ten Bridges'
      opposition.  Accordingly, Defendants suffered no undue prejudice, and the court will consider

1   (Dkt. # 30).)  The court has reviewed Defendants' motion, the parties' submissions filed

2   in support of and in opposition to Defendants' motion, the relevant portions of the record,

3   and the applicable law.  Being fully advised,[2] the court DENIES Defendants' motion.

4   ## II.   BACKGROUND

5        Madrona and Midas are real estate investment companies that purchase real estate

6   in Washington State and are owed by Ms. Gore and non-party M. Alex Toth.  (Toth Decl.

7   (Dkt. # 29) ¶ 2; *see also* FAC (Dkt. # 6) ¶ 10.)  Following a judicial foreclosure and after

8   secured creditors are satisfied, Ten Bridges purchases the right to pursue the recovery of

9   surplus proceeds, which are held in Washington State Superior Court Clerks' registries.

10  (FAC ¶ 9.)

11       In this action, Ten Bridges alleges that Defendants engaged in the torts of abuse of

12  process and intentional interference with business relationships (*see id.* ¶¶ 31-54)

13  concerning transactions and judicial proceedings involving four pieces of real estate

14  formerly owned by Teresia Guandai, Yukiko Asano, Jay Millsap, and Benjamin Thomas,

15  respectively (*see id.* ¶¶ 12-30).  Specifically, Ten Bridges alleges that it had contracts by

16  which it acquired redemption rights to real property and rights to obtain surplus proceeds

17  following the foreclosures of the Guandai, Asano, Millsap, and Thomas properties.  (*Id.*

18  ¶¶ 31-54.)  Ten Bridges alleges that Midas interfered with Ten Bridges' contracts with

19

20  _____
    Ten Bridges' response.  However, the court warns Ten Bridges that it takes violation of its local
    rules seriously and any further violations may result in the imposition of sanctions.

21       [2] Defendants' request oral argument (*see* Mot. at title page), but the court does not

22  consider oral argument to be helpful to its disposition of the motion, *see* Local Rules W.D.
    Wash. LCR 7(b)(4).

ORDER - 2

1    Ms. Guandai and Mr. Thomas; that Madrona interfered with Ten Bridges' contract with

2    Mr. Millsap and Ms. Asano; and that Ms. Gore interfered with Ten Bridges' contract Mr.

3    Millsap.  (*See id.* ¶¶ 31-44.)

4         Ten Bridges also claims that Midas committed abuse of process by filing an

5    objection to Ten Bridges' motion to obtain the surplus proceeds from the Guandai action

6    and by funding the representation of Ms. Guandai in the Guandai litigation.  (*See id.*

7    ¶¶ 45-49.)  Finally, Ten Bridges claims that Madrona committed abuse of process by

8    objecting to Ten Bridges' attempt to redeem the proceeds in the Asano action and having

9    "involvement" in the Asano action.  (*See id.* ¶¶ 50-54.)

10        In both King County Superior Court actions related to the Guandai and Asano

11   properties, the trial courts held that the agreements between Ten Bridges and Ms.

12   Guandai and Ms. Asano, respectively, violated RCW 63.29.350(1),[3] and were, therefore,

13   illegal, void, and unenforceable.  (*See* Beckett Decl. (Dkt. # 28) ¶¶ 5, 10, 16(a)-(b),

14   (k)-(l), Exs. 1-2, 11-12.)  Ten Bridges does not dispute Defendants' characterization of

15   //

16        [3] RCW 63.29.350(1) states:

17        It is unlawful for any person to seek or receive from any person or contract with
18        any person for any fee or compensation for locating or purporting to locate any
         property which he or she knows has been reported or paid or delivered to the
19        department of revenue pursuant to this chapter, or funds held by a county that are
         proceeds from a foreclosure for delinquent property taxes, assessments, or other
20        liens, or, funds that are otherwise held by a county because of a person's failure to
         claim funds held as reimbursement for unowed taxes, fees, or other government
21        charges, in excess of five percent of the value thereof returned to such owner. Any
         person violating this section is guilty of a misdemeanor and shall be fined not less
22        than the amount of the fee or charge he or she has sought or received or contracted
         for, and not more than ten times such amount, or imprisoned for not more than
         thirty days, or both.

ORDER - 3

1    the trial courts' rulings in the Guandai and Asano actions.  (*See generally* Resp.)  Ten

2    Bridges appealed both trial court decisions to the Washington State Court of Appeals,

3    Division I in *Ten Bridges, LLC v. Teresia Guandai, et al.*, No. 80084-1-I ("the Guandai

4    appeal"), and *Ten Bridges, LLC v. Yukiko Asano, et al.*, Case No. 804561-1-I ("the Asano

5    appeal").  (*See* Beckett Decl. ¶¶ 6, 10; *see also* Def. Not. (Dkt. # 35) at 1.)  The parties'

6    briefing on the appeals is complete (Beckett Decl. ¶¶ 6, 12), and the Court of Appeals has

7    scheduled oral argument in both matters for September 22, 2020 (*see* Def. Not. at 1).

8          On May 22, 2020, Ten Bridges served a second set of requests for document

9    production to Defendants, a second set of interrogatories to Mulligan, and a first set of

10   interrogatories to Madrona.  (*See* Fig Decl. (Dkt. # 31) ¶ 2, Ex. 1.)  On June 2, 2020,

11   Defendants filed a motion to stay these proceedings and for a protective order regarding

12   the discovery Ten Bridges served on May 22, 2020.  (*See* Mot.)  Defendants argue that

13   the court should stay these proceedings and allow Defendants to defer any responses to

14   Ten Bridges' discovery requests until after the Washington State Court of Appeals issues

15   its decisions in Guandai and Asano appeals.  (*See generally id.*)  The court now considers

16   Defendants' motion.

17                                **III.    ANALYSIS**

18         "A district court has inherent power to control the disposition of the causes on its

19   docket in a manner which will promote economy of time and effort for itself, for counsel,

20   and for litigants."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "[T]he District

21   Court has broad discretion to stay proceedings as an incident to its power to control its

22   own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am.*

*Co.*, 299 U.S. 248, 254 (1936)).  A district court may stay an action "pending resolution of independent proceedings which bear upon the case" even if the other proceedings do not control the action before the court.  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).  "Indeed, where a stay is considered pending the resolution of another action, the court need not find that two cases involve identical issues; a finding that the issues are substantially similar is sufficient to support a stay."  *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *4 (W.D. Wash. Mar. 17, 2017) (citing *Landis*, 299 U.S. at 254).  A stay based on independent proceedings should only be granted if "it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."  *Leyva*, 593 F.2d at 864.

"The proponent of a stay bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255).  In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc.*, 300 F.2d at 268).  Those interests include:  (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Id*.  "[I]f there is even a fair possibility" that the stay will damage another party, then the proponent of the stay "must //

1    make out a clear case of hardship or inequity in being required to go forward." *Landis*,

2    299 U.S. at 255.

3         Defendants argue that for Ten Bridges to prevail on its claims for intentional

4    interference with contractual relations, Ten Bridges must show that the contracts with

5    which Defendants allegedly interfered were valid. *See Med., Inc. v. Wegman*, 213 P.3d

6    931, 940 (Wash. Ct. App. 2009) (granting summary judgment for the defendant on an

7    intentional interference claim because the plaintiff failed to establish the first element of

8    the claim—a valid contract); *see also World Access, Inc. v. Midwest Underground Tech.,*

9    *Inc.*, No. 2:15-CV-285-SMJ, 2016 WL 5796873, at *7 (E.D. Wash. Sept. 30, 2016)

10    (stating that one of the required elements for intentional interference with a contract is

11    "the existence of a valid contractual relationship or business expectancy") (quoting

12    *Leingang v. Pierce Cty. Med. Bureau, Inc*., 930 P.2d 288, 300 (Wash. 1997)).

13    Defendants further argue that if, in the Guandai and Asano appeals, the Washington State

14    Court of Appeals affirms the trial courts' decisions that Ten Bridges' contracts with Ms.

15    Guandai and Ms. Asano, respectively, violated RCW 63.29.350, and were illegal, void,

16    and unenforceable, then Ten Bridges' claims for tortious interference with those contracts

17    fails. (*See* Mot. at 10-11.) Similarly, Defendants argue that any such ruling from the

18    Washington State Court of Appeals would be equally applicable to Ten Bridges'

19    contracts with Mr. Thomas and Mr. Millsap, rendering Ten Bridges' tortious interference

20    claims with those contracts subject to dismissal or summary judgment as well. (*See* Mot.

21    at 10-11.)

22    //

ORDER - 6

1    The court recognizes that the outcome of the Guandai and Asano appeals may

2    have an impact on the viability of Ten Bridges' tortious interference claims in this

3    litigation.[4]  However, Ten Bridges has a second claim in this case for abuse of process.

4    (FAC ¶¶ 45-54.)  Defendants do not argue that the outcome of the Guandai and Asano

5    appeals will have any impact on Ten Bridges' claim for abuse of process.  (*See generally*

6    Mot.)  Thus, the court does not agree with Ten Bridges' that the Washington Court of

7    Appeals case will necessarily "put an end to this case."  (*See id.* at 12.)

8    Further, Defendants do not assert that the discovery Ten Bridges served on

9    Defendants pertains only to Ten Bridges' tortious interference claim and not to Ten

10   Bridges' abuse of process claim or that the parties' discovery concerning the two claims

11   does not substantially overlap.  (*See generally id.*)  Thus, the court is not convinced that

12   Defendants will suffer any prejudice by continuing to engage in discovery and defend

13   this action even if Ten Bridges' tortious interference claims are ultimately rendered

14   invalid by the pending Washington Court of Appeals' decisions.[5]

15   Ten Bridges, on the other hand, argues that it will be prejudiced by a stay.  (*See*

16   Resp. at 8.)  Ten Bridges posits that the longer this case drags on, the harder it will be to

17   find key witnesses, such as Mr. Thomas, Ms. Guandai, and Ms. Asano, and depose them.

18   *//*

19

20   [4] Although the court recognizes this possibility, it makes no substantive ruling on that issue here.

21   [5] In the absence of a motion to this court seeking such relief, the court does not make any

22   substantive ruling on the viability of Ten Bridges' claims or whether or how any Washington Court of Appeals decision may or may not impact the claims or defenses in this matter.

1    (Resp. at 8.)  Ten Bridges expresses concern especially about its ability to find and

2    depose Ms. Asano following a stay because she "currently lives in Japan."  (*Id.*)

3          Although the court recognizes the general truth in Ten Bridges' argument that

4    cases do not get easier to try or otherwise resolve as they get older, the court is more

5    concerned here with "the orderly course of justice."  *See Lockyer*, 398 F.3d at 1110.  The

6    jury trial in this matter is presently set for January 10, 2022—more than a year from now.

7    Oral argument in the Guandai and Asano appeals is presently set for later this month on

8    September 22, 2020.  (Def. Not. at 1.)  The period between those events is sufficient time

9    for the Washington State Court of Appeals to render its decisions in the Guandai and

10   Asano appeals before trial in this matter and for this court to incorporate or apply those

11   rulings, if appropriate, here.  Further, because Ten Bridges has an abuse of process claim

12   that neither party argues is affected by the Guandai and Asano appeals, and because

13   neither party argues that discovery in this case is not generally applicable to both Ten

14   Bridges' abuse of process and tortious interference claims, the court concludes that the

15   orderly course of justice weighs against a stay here.[6]

16         In their reply memorandum, Defendants note that Ten Bridges' abuse of process

17   claim is disfavored.  (Reply at 3 (citing 16A Wash. Prac., Tort Law & Prac. § 22.11 (4th

18   ed. 2020)).)  Indeed, they suggest that the claim is not viable.  (*Id.* at 3-4 ("[I]t beggars

19   belief that . . . Defendants could be determined to have committed abuse of process for

20   //

21

22
---
[6] If the Court of Appeals has not issued its rulings in the Guandai and Asano appeals as the trial date in this matter approaches, the court is willing to reconsider a stay at that time upon a motion by a party.

1  suggesting to people who were parties to illegal contracts with Ten Bridges that they

2  should seek legal counsel to evaluate the validity of those illegal contracts.").)  Despite

3  this argument, Defendants have not brought a dispositive motion seeking either dismissal

4  or summary judgment of this claim.  (*See generally* Dkt.)  If at some point, Defendants

5  seek such relief and the court grants it, then it may make sense to enter a stay at that time

6  if the Washington Court of Appeals has yet to render its decisions in the Guandai and

7  Asano appeals.  The court, however, does not decide this issue now and will only do so in

8  the event a party brings a subsequent motion, if appropriate.

9        In summary, the court concludes that the factors it considers do not favor entering

10  a stay here.  The court is not convinced that Defendants will suffer prejudice without a

11  stay, and the court agrees with Ten Bridges that adding further delay to the litigation may

12  make it more difficult to ultimately try or otherwise resolve this matter.  Most

13  importantly, however, the court finds that the orderly course of justice weighs against a

14  stay at this time.  If, however, the court is able to resolve Ten Bridges' abuse of process

15  claim on a dispositive motion, then it may make sense to enter a stay at that time if the

16  Washington State Court of Appeals still has not rendered its decisions in the Guandai and

17  Asano appeals.  The court does not decide this issue at this time, however, and will not do

18  so in the absence of a motion.  Accordingly, the court denies Defendants' motion for a

19  stay but without prejudice to refiling at a later date, if appropriate.

20  //

21  //

22  //

ORDER - 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## IV.    CONCLUSION

Based on the foregoing reasoning, the court DENIES Defendants' motion for a stay and a protective order (Dkt. # 27), but without prejudice to refiling at a later date, if appropriate.

Dated this 16th day of September, 2020.

JAMES L. ROBART
United States District Judge