UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEN BRIDGES, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>MIDAS MULLIGAN, LLC, et al.,<br><br>                Defendants. | CASE NO. C19-1237JLR<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON WCPA COUNTERCLAIM |

## I.    INTRODUCTION

Before the court is Defendant Madrona Lisa, LLC's ("Madrona") motion for summary judgment on its counterclaim for violation of the Washington Consumer Protection Act ("WCPA"), ch. 19.86 RCW. (Mot. (Dkt. # 75); *see also* Reply (Dkt. # 86).) Plaintiff Ten Bridges, LLC ("Ten Bridges") opposes the motion and filed a surreply. (Resp. (Dkt. # 84); Surreply (Dkt. # 93).) The court has considered the motions, all submissions filed in support of and in opposition to the motion, the relevant

ORDER - 1

portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Madrona's motion for summary judgment on its counterclaim.

## II. BACKGROUND

The court discussed the factual background of this case in detail in its September 23, 2021 order granting Defendants Madrona, Midas Mulligan, LLC ("Midas"), Danielle Gore, and M. Alex Toth's[2] (collectively, "Defendants") motion for summary judgment on Ten Bridges's second amended complaint. (*See* 9/23/21 Order (Dkt. # 93) at 2-9.) Accordingly, the court focuses here on the factual background relevant to Madrona's counterclaim.

Madrona's counterclaim arises from a real estate transaction involving non-party Yukiko Asano. (*See generally* SAC Ans. (Dkt. # 50).) After Ms. Asano's condominium owners association foreclosed on her condominium unit, Madrona purchased the condominium at a sheriff's sale. (*See* 8/19/21 Beckett Decl. (Dkt. # 74) ¶ 20.) The sale resulted in surplus proceeds of $346,892.95, which were deposited in the King County Superior Court registry. (*See id.*) As the mortgage debtor, Ms. Asano was entitled to receive the surplus proceeds. *See* RCW 61.12.150 (surplus proceeds from judicial foreclosure sales "shall be paid to the mortgage debtor, his or her heirs and assigns"). On May 15, 2019, however, Ms. Asano assigned her rights to redeem the property and

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Ms. Gore and Mr. Toth are the sole managers and members of Midas and Madrona. (*See* 8/19/21 Toth Decl. (Dkt. # 72) ¶ 2.)

receive the surplus proceeds to Ten Bridges in exchange for its promise to pay her the first $172,000 it received of any surplus proceeds. (*See* 8/19/21 Beckett Decl. ¶ 46, Ex. 41 ("Asano Quitclaim Deed").) If Ten Bridges had been permitted to obtain Ms. Asano's surplus proceeds pursuant to that agreement, it would have received a net of over 50% of the surplus proceeds.

Ten Bridges notified the King County Sheriff that it intended to redeem Ms. Asano's condo; it disputed, however, the redemption price set by Madrona. (*See id.* ¶ 21, Ex. 17 (Ten Bridges's Verified Motion for Determination of Redemption Price, *Carlyle Condo. Owners Assoc. v. Asano* (*"Asano"*), No. 18-2-03471-0 SEA (King Cnty. Super. July 10, 2019)).[3]) Ten Bridges then moved the superior court to determine the correct redemption amount. (*See id.*) Madrona opposed the motion, arguing that Ten Bridges had no right to redeem because the agreement between Ten Bridges and Ms. Asano was void under RCW 63.29.350(1), which places a five-percent cap on fees that a fund-finder can claim as compensation for locating surplus proceeds. (*See id.* ¶ 22, Ex. 18.) On August 8, 2019, the superior court ruled in favor of Madrona, holding that the quitclaim deed between Ms. Asano and Ten Bridges was void and unenforceable because it violated RCW 63.29.350(1). (*See id.* ¶ 24, Ex. 20 (Order, *Asano* (King Cnty. Super. Aug. 8, 2019).)

//
//

---

[3] The court granted the parties' unopposed requests to take judicial notice of filings and orders in the underlying actions in King County and the Washington Court of Appeals. (*See* 9/23/21 Order at 3 n.3.)

Ten Bridges requested and received a different form of quitclaim deed from Ms. Asano and moved again in the superior court to set the amount required to redeem the property from Madrona. (*See id.* ¶ 25, Ex. 21.) It contended that because the new quitclaim deed did not contain the terms that the court had previously found unlawful, it was severable from the original contract and enforceable. (*See generally id.*) Madrona again opposed Ten Bridges's motion. (*See id.* ¶ 26, Ex. 22.) On October 30, 2019, the superior court again ruled in Madrona's favor on the ground that the agreement between Ten Bridges and Ms. Asano was unlawful under RCW 63.29.350(1). (*See id.* ¶ 28, Ex. 24.)

Ten Bridges appealed. The Washington Court of Appeals affirmed the superior court's orders invalidating Ten Bridges's agreements with Ms. Asano. *Ten Bridges, LLC v. Guandai*, 474 P.3d 1060, 1063-64 (Wash. Ct. App. 2020), *review denied*, 487 P.3d 515 (Table) (Wash. 2021). Specifically, the Court of Appeals held that the Asano Quitclaim Deed was void because:

> In substance, Ten Bridges relied upon having located the surplus funds for a fee of almost 50 percent of the funds as compensation for obtaining the other 50 percent for [Ms.] Asano . . . . Because Ten Bridges combined the services of locating surplus funds held by King County and of connecting [Ms.] Asano with her surplus funds, both in exchange for more than five percent of the returned funds' value, the [Asano Quitclaim Deed] violated RCW 63.29.350 and was void.

*Id.* at 1069. Ten Bridges subsequently moved for reconsideration and petitioned the Washington Supreme Court for review; its motion and petition were both denied. (*See* 8/19/21 Beckett Decl. ¶ 29, Ex. 25; *id.* ¶ 32, Ex. 28; *id.* ¶ 24, Ex. 30); *see also Ten Bridges v. Asano*, 487 P.3d 517, 517 (Table) (Wash. 2021).

ORDER - 4

While its appeal of the orders invalidating the agreements was pending, Ten Bridges moved in the trial court for an order extending the deadline to redeem Ms. Asano's condominium. (8/20/21 Beckett Decl. (Dkt. # 77) ¶ 2.) The superior court denied the motion and Ten Bridges again appealed. (*Id.* ¶¶ 2-3.) After the Court of Appeals affirmed that the agreements between Ten Bridges and Ms. Asano were void, Madrona asked Ten Bridges to withdraw its appeal of the order denying its motion to extend. (*Id.* ¶ 4.) Ten Bridges has not done so, and litigation of that appeal continues. (*Id.*)

Madrona asserts that it has incurred a total $38,829.01 in attorney's fees and expenses opposing Ten Bridges's motions to redeem and responding to Ten Bridges's appeals. (8/20/21 Toth Decl. (Dkt. # 76) ¶ 2, Exs. 1 & 2; 9/17/21 Beckett Decl. ¶¶ 6-7.) It anticipates that it will incur additional fees and expenses if Ten Bridges continues to pursue its appeal of the trial court's order denying an extension of the redemption period. (8/20/21 Toth Decl. ¶ 3.)

### III.   ANALYSIS

Madrona now moves for summary judgment on its WCPA counterclaim and an award of damages and attorney's fees. The court begins by setting forth the standard of review before turning to its analysis of Madrona's motion.

**A.   Summary Judgment Standard**

Summary judgment is appropriate if the evidence viewed in the light most favorable to the non-moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of such a dispute in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

**B.    WPCA Counterclaim**

Madrona asserts that it is entitled to judgment as a matter of law on its WCPA counterclaim. Under the WCPA, a private plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v.*

*Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).  Because Madrona's WCPA counterclaim is based on Ten Bridges's established violation of RCW 63.29.350(1), the first three elements of the claim have been met as a matter of law.  *See id.* at 535 ("[A] per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated."); RCW 63.29.350(2) (stating that practices covered by RCW 63.29.350(1) "vitally affect[] the public interest" and any violation "is an unfair or deceptive act or practice in trade or commerce and an unfair method of competition for the purpose of applying" the WCPA).

Madrona contends that it is entitled to summary judgment because there is no genuine issue of material fact regarding the remaining two elements.  (Mot. at 9-13.)  It asserts that suffered injury by incurring attorney's fees and costs litigating the validity of the Asano Quitclaim Deed in the *Asano* action; and that the injury was proximately caused by Ten Bridges's violation of RCW 63.29.350(1).  (*Id.*)  It asks the court to enter judgment in its favor for $38,829.01 in attorney's fees and expenses it incurred in litigating Ten Bridges's violation of RCW 63.29.350(1), plus $25,000 in statutory treble damages under the WCPA.  (*Id.* at 16.)  It additionally asks the court to award it the attorney's fees and costs incurred in this action.  (*Id.* (citing RCW 19.86.090 (authorizing an award of reasonable attorney's fees and costs of suit)).)

Ten Bridges does not dispute Madrona's proof of any of the five elements of its WCPA claim.  Instead, it asserts that summary judgment should be denied because (1) Madrona's counterclaim is barred by *res judicata* (Resp. at 21-22) and (2) its violation of

RCW 63.29.350(1) was done in good faith under an arguable interpretation of the law (*id.* at 6-21). It also opposes an award of treble damages (*id.* at 22) and disputes a portion of the attorney's fees sought by Madrona as damages (Surreply at 1-2).[4]

1. <u>*Res Judicata*</u>

Ten Bridges asserts that *res judicata* bars Madrona's counterclaim in this action because Madrona was required to assert the counterclaim in the underlying *Asano* action. (*See* Resp. at 21-22.) The court disagrees.

As an initial matter, Madrona contends that Ten Bridges cannot assert the affirmative defense of *res judicata* because it did not plead the defense in its answer to the counterclaim. (Reply at 8; *see also* Ans. to Counterclaim (Dkt. # 64) at 4.) A defendant, however, may raise an affirmative defense for the first time at summary judgment if the delay does not prejudice the plaintiff. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *see also McGinest v. GTE Serv. Corp.*, 247 F. App'x 72, 75 (9th Cir. 2007). Assuming, without deciding, that Madrona was not prejudiced by Ten Bridges's failure to plead the affirmative defense, the court finds that *res judicata* does not bar Madrona's counterclaim.

The *res judicata* effect of a state court judgment is governed by the laws of the state in which the court is located. 28 U.S.C. § 1738; *Manufactured Home Communities*

---

[4] Ten Bridges also devotes a substantial portion of its briefing to arguing that the Washington Court of Appeals wrongly decided *Guandai* and that Madrona and Midas violated RCW 63.29.350(1) in past transactions. (*See, e.g.*, Resp. at 1 (referring to Guandai as "poorly reasoned and results-oriented"), 4-5 (discussing past transactions by Madrona and Midas).) Because the court finds that neither argument is relevant to the instant motion, the court does not address them further.

ORDER - 8

*Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005).  Under Washington law, "[r]es judicata, or claim preclusion, prevents the same parties from relitigating a claim that was raised or *could have been raised* in an earlier action." *Stevens Cnty. v. Futurewise*, 192 P.3d 1, 6 (Wash. Ct. App. 2008) (citing *Roberson v. Perez*, 123 P.3d 844, 848 n.7 (Wash. 2005)) (emphasis added).  Here, neither Madrona nor Ten Bridges was a party to the *Asano* judicial foreclosure action; instead, that action was between Ms. Asano and her condominium association.  (*See, e.g.*, 8/19/21 Beckett Decl. ¶ 21, Ex. 17.)  Madrona and Ten Bridges's involvement in the matter began only after Ms. Asano's condominium was sold at public auction following entry of judgment on the judicial foreclosure.  (*See, e.g.*, *id.*); *see also Guandai*, 474 P.3d at 1064.  Thus, Madrona had no right or opportunity to assert affirmative claims against Ten Bridges in the *Asano* action.  Because Madrona could not have raised its WPCA claim against Ten Bridges in the *Asano* action, the court concludes that *res judicata* does not bar its assertion of the counterclaim in this action.

    2.    <u>"Good Faith" Defense</u>

Ten Bridges contends that summary judgment on Madrona's counterclaim is unwarranted because its violations of RCW 63.29.350(1) were done in good faith under an arguable interpretation of existing law.  (Resp. at 12 (citing *Perry v. Island Sav. & Loan Ass'n*, 684 P.2d 1281, 1289 (Wash. 1984), and *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 299 (Wash. 1997)).)  Madrona counters that "good faith" is not a defense where a party's violation is a per se unfair or deceptive practice under the WCPA.  (Mot. at 13-16; Reply at 2-3.)  The court agrees with Madrona.

When applying Washington law in a diversity case, the court must apply the law as it believes the Supreme Court of Washington would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). In the absence of a controlling Washington Supreme Court decision, the court must predict how that court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids. *Id.*; *see also Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1045-46 (9th Cir. 2001).

No Washington Supreme Court or Court of Appeals decision has applied the "good faith" defense to a per se violation of the WCPA. Indeed, the parties have identified only two decisions, both from the United States District Court for the Eastern District of Washington, that apply the "good faith" defense to a per se violation.

*Watkins v. Peterson Enterprises, Inc.*, 57 F. Supp. 2d 1102, 1111 (E.D. Wash. 1999), involved a per se violation of RCW 19.16.440, which states that acts prohibited by the Washington Collection Agency Act ("WCAA"), RCW 19.16.250, are "unfair acts or practices or unfair methods of competition" for purposes of applying the WPCA. Noting that RCW 19.16.440 made no mention of deceptive acts or practices, the court observed, relying on *Leingang* and *Perry*, that "while [defendant's] good faith may not be a defense to a claim that it engaged in deceptive practices, [its] good faith is a defense to a claim that its practices were per se unfair." *Id.* (citing *Leingang*, 930 P.2d at 299, and *Perry*, 684 P.2d at 1289). The court held that the defendant could not be held liable under the WCPA because its interpretation of the law was "arguable even if incorrect." *Id.* In determining that the "good faith" defense was available for per se violations of the

ORDER - 10

WCPA, the court did not set forth its analysis, instead relying solely on its citations to *Leingang* and *Perry*—even though neither case involved a per se violation of the WCPA. *Id.*; *see Leingang*, 930 P.2d at 297 (finding no per se violation because regulations at issue did not apply to defendant health care service contractor); *Perry*, 684 P.2d at 1290 n.9 (holding "any claim of a per se violation is unfounded" because the legislature had not enacted a statute restricting the conduct at issue).

*Gray v. Suttell & Associates*, No. 2:09-cv-00251-SAB, 2019 WL 96225 (E.D. Wash. Jan. 3, 2019), also involved a per se violation of the WCAA. That court relied on *Perry*, *Leingang*, and *Watkins* for the proposition that the "good faith" defense is available for per se violations of the WCPA. *Id.* at *4 (citing *Perry*, 684 P.2d at 1289, *Leingang*, 930 P.2d at 299, and *Watkins*, 57 F. Supp. 2d at 1111). The *Gray* court departed from an earlier ruling in the same case that the "good faith" defense is not available for per se violations of the WCPA. *Id.* In that earlier order, a different judge had held that because the Washington legislature had, "by statutory enactment, deemed the operation of a 'collection agency' without a license to be a per se unfair act," the defendants' violation of the WCAA was an unfair act for purposes of the WCPA, even if the defendant collection agency acted in good faith. *Gray v. Suttell & Assocs. P.S.*, No. 2:09-CV-251-RMP, 2016 WL 409706, at *8 (E.D. Wash. Feb. 2, 2016).

The court is not bound by decisions from its sister district courts, and respectfully disagrees with *Watkins* and the 2019 *Gray* decision. Rather, the court agrees with the first judge in *Gray*, and concludes that the Washington Supreme Court would likely hold that "good faith" is not a defense where the legislature has expressly stated that a

violation of a statute constitutes a per se unfair or deceptive act or practice for purposes of applying the WCPA. *See Gray*, 2016 WL 409706, at *8. Here, the legislature has decreed that a violation of RCW 63.29.350(1) constitutes a per se unfair or deceptive act or practice, *see* RCW 63.29.350(2), and the Washington Court of Appeals affirmed that Ten Bridges violated that statute, *see Guandai*, 474 P.3d at 1069. As a result, the court concludes that even if Ten Bridges acted under an arguable interpretation of existing law, it cannot rely on the "good faith" exception to escape liability. Accordingly, the court GRANTS Madrona's motion for summary judgment on its WCPA counterclaim.

### 3. Damages

Madrona seeks a judgment that it is entitled to an award of damages in the amount of the fees and costs it has incurred in litigating the *Asano* action, plus treble damages. (Mot. at 16.) Ten Bridges contends that Madrona is not entitled to treble damages (Resp. at 22) and disputes a portion of Madrona's claimed damages (Surreply at 1-2). Madrona did not address Ten Bridges's objection to an award of treble damages in its reply. (*See generally* Madrona Reply.)

A party injured by a CPA violation may recover his or her actual damages, together with the costs of the suit, including a reasonable attorney's fee. RCW 19.86.090. In addition, the court may, in its discretion, award treble damages of three times the amount of the actual damages sustained, up to a statutory maximum of $25,000. *Id.*

In its motion, Madrona asserted that it was entitled to an award of $35,149.01 for attorney's fees and expenses it incurred in litigating the validity of the Asano Quitclaim

1 | Deed under RCW 63.29.350(1) in King County Superior Court and the Washington
2 | Court of Appeals.  (Mot. at 16; *see also* 8/20/21 Toth Decl. ¶ 2, Ex. 1.)  Ten Bridges did
3 | not dispute this amount.  (*See generally* Resp.)  With its reply, Madrona asserted an
4 | additional $3,680.00 in attorney's fees incurred since the August 20, 2021 filing of the
5 | instant motion for summary judgment.  (*See* 9/17/21 Beckett Decl. ¶ 6.)  Ten Bridges
6 | argues that these additional fees should be excluded from any award of damages because
7 | they do not relate to the litigation of the validity of the Asano Quitclaim Deed but rather
8 | to collection activity.  (Surreply at 2.)  Having reviewed the time entries provided with
9 | Madrona's reply, the court agrees with Ten Bridges that there is a genuine issue of
10 | material fact regarding whether the additional fees relate to the litigation of the validity of
11 | the validity of the Asano Quitclaim Deed.  Accordingly, the court DENIES Madrona's
12 | request for entry of judgment of the total amount of $38,829.01.  The court ORDERS the
13 | parties to submit a joint status report regarding their proposal for resolving their dispute
14 | regarding the $3,680.00 in additional fees that Madrona sought with its reply.[5]

The parties also dispute whether Madrona is entitled to treble damages up to the statutory maximum of $25,000.  The purposes of the treble damages provision are: "(1) financial rehabilitation of the injured consumer, (2) encouraging private citizens to bring actions benefiting the public, (3) deterrence, and (4) punishment." *Sing v. John L. Scott, Inc.*, 920 P.2d 589, 598 (Wash. Ct. App. 1996), *rev'd on other grounds*, 948 P.2d 816

---

[5] In its surreply, Ten Bridges also moves to strike the declaration of Yukiko Asano attached to the September 17, 2021 Beckett Declaration.  (*Id.*; *see also* 9/17/21 Beckett Decl. ¶ 4, Ex. 3.)  Because the court did not consider Ms. Asano's declaration in deciding the instant motion, the court DENIES the motion to strike as moot.

(Wash. 1997). The court finds that these purposes would not be furthered by an award of treble damages. First, an award of attorney's fees and costs will provide full financial rehabilitation to Madrona absent trebling of those damages. Second, it seems unlikely that an award of treble damages in this case would encourage private citizens to bring other WCPA actions. Finally, because Ten Bridges has stopped petitioning courts for surplus funds (*see* 9/13/21 Heald Decl. (Dkt. # 85) ¶ 20), the court concludes that an award of treble damages would not advance the goals of deterrence and punishment. The court exercises its discretion under RCW 19.86.090 and DENIES Madrona's request for treble damages.

### 4. Attorney's Fees and Costs

Madrona seeks a determination that it is entitled to an award of the attorney's fees and costs it incurred in this action pursuant to RCW 19.86.090. (Mot. at 16.) Ten Bridges does not oppose this request. (*See generally* Resp.) The court GRANTS Madrona's request for an award of reasonable attorney's fees and costs for its successful prosecution of its WCPA counterclaim. The court reminds Madrona that it must segregate the fees and costs incurred in its prosecution of its WCPA counterclaim from fees and costs incurred in defending against Ten Bridges's claims. *See, e.g.*, *Hume v. Am. Disposal Co.*, 880 P.2d 988, 997 (Wash. 1994) ("If, as in this case, an attorney fees recovery is authorized for only some of the claims, the attorney fees award must properly reflect a segregation of the time spent on issues for which attorney's fees are authorized from time spent on other issues.").

//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Madrona's motion for summary judgment on its WCPA counterclaim (Dkt. # 75). The court, however, DENIES Madrona's request for treble damages and for entry of judgment in the total amount of $38,829.01 in fees and costs. The court ORDERS the parties to submit a joint status report by no later than October 14, 2021, regarding their proposal for resolving their dispute regarding the $3,680.00 in additional fees that Madrona sought with its reply.

Dated this 6th day of October, 2021.

JAMES L. ROBART
United States District Judge