UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEN BRIDGES, LLC,<br><br>      Plaintiff,<br> v.<br><br>MIDAS MULLIGAN, LLC, et al.,<br><br>      Defendants.<br>MADRONA LISA, LLC,<br><br>   Counterclaim Plaintiff,<br> v.<br><br>TEN BRIDGES, LLC,<br><br>   Counterclaim Defendant. | CASE NO. C19-1237JLR<br><br>ORDER |

### I. INTRODUCTION

Before the court is Defendant / Counterclaim Plaintiff Madrona Lisa, LLC's ("Madrona") motion (1) to liquidate its attorney's fees and costs award pursuant to the

ORDER - 1

Washington Consumer Protection Act ("WCPA") and (2) for $120.00 in additional damages under its WCPA counterclaim. (Mot. (Dkt. # 104); *see also* Reply (Dkt. # 107).) Plaintiff / Counterclaim Defendant Ten Bridges, LLC ("Ten Bridges") opposes Madrona's motion in part. (Resp. (Dkt. # 106).) The court has considered the motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court (1) GRANTS IN PART Madrona's motion to liquidate its attorney's fees and costs award and AWARDS Madrona $37,842.00 in attorney's fees and costs and (2) GRANTS Madrona's unopposed motion for $120.00 in additional damages and AWARDS Madrona $35,269.01 in damages on its WCPA counterclaim.

## II. BACKGROUND

The court discussed the factual and procedural background of Madrona's WCPA counterclaim in detail in its October 6, 2021 order granting Madrona's motion for summary judgment therefore does not repeat that background here. (10/6/21 Order (Dkt. # 96) at 2-5.) In that order, the court denied Madrona's request for entry of judgment in the total amount of $38,829.01 for WCPA damages and granted its request for an award of reasonable attorney's fees and costs for its successful prosecution of its WCPA counterclaim. (*Id.* at 9-15.) The court found that although Ten Bridges had not disputed Madrona's initial request for damages of $35,149.01 on its successful WCPA claim, it opposed the remaining $3,680 that Madrona requested with its reply. (*See id.* at 12-13.)

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Subsequently, the parties jointly proposed that they would resolve Madrona's request for additional damages and for attorney's fees and costs by motion. (*See* JSR (Dkt. # 97); 10/14/21 Min. Order (Dkt. #98) (accepting the parties' joint proposal).)

### III.   ANALYSIS

Ten Bridges does not oppose Madrona's request for $120.00 in additional WCPA damages, Madrona's attorney Guy Beckett's hourly rate of $400.00, or Madrona's request for $12.00 in costs. (Resp. at 1; *see* 11/10/21 Beckett Decl. (Dkt. # 105) ¶¶ 8-9.) Because Madrona's request for additional damages is unopposed, the court GRANTS that request and AWARDS Madrona $35,269.01 in WCPA damages. Ten Bridges, however, disputes the number of hours that Mr. Beckett attributes to prosecuting Madrona's WCPA claim in this court and to preparing its fee petition. (*See generally* Resp.) Below, the court sets forth the standard for reviewing a petition for attorney's fees and costs, then reviews Ten Bridges's objections to Madrona's request for fees.

**A.   Standard of Review**

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). "In Washington, attorney fees may be awarded when authorized by a contract, a statute, or a recognized ground in equity." *Kaintz v. PLG, Inc.*, 197 P.3d 710, 712 (Wash. Ct. App. 2008). Here, the WCPA authorizes Madrona's recovery of reasonable attorney's fees and costs. RCW 19.86.090; (*see* 10/6/21 Order at 14).

The court must ensure that Madrona's requested fees are reasonable, as calculated using the "lodestar" method. *Wash. State Physicians Ins. Exchange & Ass'n v. Fisons*

*Corp.*, 858 P.2d 1054, 1073 (Wash. 1993.)  Under this method, the fee is calculated by multiplying the number of hours reasonably expended in the matter by a reasonable hourly rate.  *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 202 (Wash. 1983).  The court, however, should not award fees for "hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."  *Id.* at 203; *see also Hume v. Am. Disposal Co.*, 880 P.2d 988, 997 (Wash. 1994) ("If, as in this case, an attorney fees recovery is authorized for only some of the claims, the attorney fees award must properly reflect a segregation of the time spent on issues for which attorney's fees are authorized from time spent on other issues.").  The court must independently determine whether Madrona has sustained its burden of demonstrating that the number of hours expended by counsel was reasonable rather than merely relying upon Madrona's billing records.  *See SentinelC3, Inc. v. Hunt*, 331 P.3d 40, 48 (Wash. 2014) ("In determining an award of attorney's fees, the trial court may not rely solely on counsel's fee affidavit.").  Reasonable fees incurred in preparing a fee petition are recoverable as part of a fee award.  *Steele v. Lundgren*, 982 P.2d 619, 624 (Wash. Ct. App. 1999).

**B.    Ten Bridges's Objections to Madrona's Fee Request**

Madrona requests a total award of $42,880.00 in attorney's fees.  (*See* Reply at 1.)  It asserts that Mr. Beckett spent 107.2 hours prosecuting Madrona's WCPA counterclaim, preparing its petition for an award of attorney's fees and costs, and responding to Ten Bridges's opposition to that petition.  (*See* 11/10/21 Beckett Decl. ¶ 9, Ex. 2 ("Billing Records"); *id.* ¶ 9 (documenting hours worked after the last date in the Billing Records); 11/26/21 Beckett Decl. (Dkt. # 108) ¶ 5 (documenting hours worked between the filing of

Madrona's motion and reply).) Although it does not dispute Mr. Beckett's hourly rate and Madrona's litigation costs,[2] Ten Bridges raises five objections to Madrona's fee request and asserts that the fee award should be reduced by $11,950.00. (*See generally* Resp.) The court considers each objection in turn.

### 1. Time Spent Segregating Fees

First, Ten Bridges objects to Madrona's request for $1,400.00 in fees for 3.5 hours of time spent by counsel to segregate recoverable fees from non-recoverable fees. (Resp. at 3 (citing 11/10/21 Beckett Decl. ¶ 9 (11/3/21 and 11/7/21 time entries)).) It contends, without citation to authority, that Madrona should have been "contemporaneously creating separate billing entries for time spent on the WCPA claim" and is not, therefore, entitled to fees for "clerical work" to segregate fees after the fact. (*Id.*) Madrona responds that counsel contemporaneously distinguished the work that was related to the WCPA counterclaim in its billing records except where services related to both Madrona's defense and its counterclaims. (Reply at 2.) It further notes that the work to segregate the fees related to the WCPA counterclaim was not clerical because it "require[d] the knowledge and input from the attorney who understands how the legal services provided relate to all the claims, facts, and theories in the case." (*Id.* at 3.)

In the absence of contrary authority, the court agrees with Madrona that fees incurred in segregating the hours spent on the WCPA counterclaim are recoverable. Therefore, the court denies Ten Bridges's objection to those fees.

---

[2] The court finds that Mr. Beckett's hourly rate of $400.00 and Madrona's litigation costs of $12.00 are reasonable. (*See* 11/10/21 Beckett Decl. ¶¶ 8-9.)

ORDER - 5

1         2.      Fees Related to Ten Bridges's Second Motion to Dismiss

2         Second, Ten Bridges objects in part to Madrona's request for the fees it incurred in

3 responding to Ten Bridges's second motion to dismiss. (Resp. at 3-4; *see* 2d MTD Resp.

4 (Dkt. # 59).) Ten Bridges notes that its motion sought dismissal of both Madrona's

5 WCPA counterclaim and Madrona and Defendant Midas Mulligan, LLC's (collectively,

6 "Defendants") RCW 4.24.510 anti-SLAPP[3] counterclaim, which the court had dismissed

7 with prejudice in an earlier order. (Resp. at 3 (citing 4/20/20 Order (Dkt. # 25)

8 (dismissing anti-SLAPP counterclaim)); *see also* 2d MTD (Dkt. # 53) (seeking dismissal

9 of Madrona's WCPA counterclaim and Defendants' reasserted anti-SLAPP

10 counterclaim); 2/25/21 Order (Dkt. # 63) (granting second motion to dismiss anti-SLAPP

11 counterclaim and denying motion to dismiss WCPA counterclaim).) It contends that

12 Madrona improperly seeks (1) $2,800.00 for seven hours spent drafting an answer to Ten

13 Bridges's second amended complaint; (2) $1,800.00 for 4.5 hours of research related to

14 the dismissed anti-SLAPP claim and Madrona's "failure to follow FRCP 15(a) and the

15 court's scheduling order"; and (3) "100% recovery" for "a partially successful effort in

16 challenging" the motion to dismiss. (Resp. at 4 (citing Billing Records at 21, 24-25[4]).) It

17 urges the court to deny these requests and reduce Madrona's fees by a total of $7,650.00.

18 (*See id.*)

---

[3] RCW 4.24.510 is known as Washington's "anti-SLAPP" statute. The term "SLAPP" stands for "strategic lawsuit against public participation." *Henne v. City of Yakima*, 341 P.3d 284, 285 n.1 (Wash. 2015).

[4] The court cites the ECF page numbers when referring to Madrona's billing records.

1   First, the court agrees in part with Ten Bridges's objection to Madrona's request
2  for $2,800.00 in fees for drafting an answer to the second amended complaint. Madrona
3  argues that it is claiming only seven of the 8.7 hours of work counsel performed on
4  November 19, 2020, and that the work performed to reassert its anti-SLAPP counterclaim
5  and draft its third-party complaint (which was later dismissed by stipulation, *see* Stip.
6  (Dkt. # 62)) was minimal. (Reply at 4-5.) That time entry, however, shows that counsel
7  spent 7.2 hours on work that included drafting the answer; legal research on affirmative
8  defenses and standards for the third-party complaint; "several" telephone conferences
9  regarding the answer, affirmative defenses, counterclaim, and third-party complaint; and
10 correspondence regarding the same. (*See* Billing Records at 21.) Although the court
11 disagrees that it should deduct the full seven hours, it is convinced that Madrona's
12 November 19, 2020 time entry includes substantially more than 0.2 hours of work that is
13 unrelated to the WCPA counterclaim. The court finds that five hours is reasonable for
14 the relevant work and deducts $800.00 from Madrona's requested award.
15  Second, the court agrees that a portion of the 4.5 hours that counsel billed on
16 December 29, 2020 appears to be related to the previously dismissed anti-SLAPP claim.
17 (*See* Billing Records at 24 (noting 4.5 hours for legal research regarding "whether causes
18 of action had to be reasserted, and whether counterclaim could be asserted as of right").[5])
19 Although Madrona asserts that the time spent researching whether it had to reassert the
20 anti-SLAPP claim in order to preserve the issue for appeal was "de minimis," the portion

---

[5] The court agrees with Madrona that time spent researching whether the WCPA counterclaim could be asserted as of right is recoverable time.

of its brief regarding the anti-SLAPP claim spans several pages and cites a dozen cases. (*See* Reply at 4; MTD Resp. at 5-8.)  The court finds, therefore, that a deduction of 2.5 hours, or $1,000.00, for time spent on legal research relating to the anti-SLAPP counterclaim on December 29, 2020 is reasonable and appropriate.

Finally, the court agrees that Madrona is not entitled to recover 100% of the remaining fees it incurred in responding to Ten Bridges's second motion to dismiss. After deducting the 4.5 hours discussed above, Ten Bridges asks the court to deduct an additional $3,050.00—representing 25% of the remaining 30.5 hours—to account for the unsuccessful portions of Madrona's response.  (Resp. at 4 (citing Billing Records at 24-25).)  Madrona again argues that the work involved in drafting the portion of the response related to the anti-SLAPP claim was "de minimis" and adds that "segregation of the legal services for the [anti-SLAPP] cause of action from the WCPA counterclaim is not required" because the facts underlying the anti-SLAPP claim were "in significant part" the same as those that gave rise to the WCPA counterclaim.  (Reply at 4.)

The court disagrees with Madrona's assertion that it need not segregate the fees related to the anti-SLAPP claim.  Although the facts underlying the WCPA and anti-SLAPP counterclaims may have overlapped, the two claims involved distinct legal theories and damages.  (*Compare* Ans. to Am. Compl. (Dkt. # 50) at 17-22 (WCPA counterclaim), *with id.* at 22-23 (anti-SLAPP counterclaim).)  Thus, Madrona's reliance on *Broyles v. Thurston County*, 195 P.3d 985, 1005 (Wash. Ct. App. 2008), is misplaced. In that case, "all of Plaintiffs' claims derived from the same statutory protections of Washington's Law Against Discrimination", "involved interrelated events and

overlapping legal theories", and the "claims against the individual defendants were substantially identical to those that were tried against the County." *Id.* As a result, segregation between the plaintiffs' successful and unsuccessful claims was not possible. *Id.* Here, however, the anti-SLAPP claim is sufficiently distinct from the WCPA counterclaim to justify a deduction from the total fees Madrona requests for its response to the motion to dismiss. The court concludes that a 15% deduction, representing 4.575 hours or $1,830.00, is reasonable and appropriate because Defendants conceded dismissal of the anti-SLAPP counterclaim and focused the majority of the response brief on the WCPA counterclaim. (*See generally* MTD Resp.)

### 3. Mathematical Error

Third, Ten Bridges asserts that Madrona made a mathematical error in its time entry for July 6, 2021. (Resp. at 4 (citing 11/10/21 Beckett Decl. Ex. 2 at 30).) It argues that although the text of that entry shows that Mr. Beckett worked 0.7 hours, Madrona represented that the entry reflected 1.7 hours of work. (*Id.*) Thus, according to Ten Bridges, Madrona is entitled to only $280.00 in fees for work performed on that date rather than the $680.00 that Madrona seeks. (*Id.*) Madrona counters that the discrepancy is due to a clerical error made by counsel's assistant when transferring the time from counsel's handwritten time sheet to the firm's billing program. (Reply at 5; *see* 11/24/21 Beckett Decl. ¶ 4, Ex. 2 (handwritten time sheet, showing 1.7 hours of work).) The court finds that Madrona has substantiated its billing entry and denies Ten Bridges's objection to the requested time.

#### 4. Overcharge for RFP Responses

Fourth, Ten Bridges asserts that Madrona overcharged for work performed on July 7, 2021, related to its response to Ten Bridges's requests for production ("RFPs"). (Resp. at 4 (citing Billing Records at 30).) It argues that Madrona's response is "85% boilerplate language and responds to four requests for production." (*Id.*; *see id.* at 6-11 (RFP responses).) It asks the court to award Madrona fees for 0.7 hours for its responses to the RFPs rather than the 1.3 hours Madrona requested. (*Id.*) Madrona responds that the work counsel performed that day included reviewing the documents Madrona produced to Ten Bridges in response to the RFPs, researching the objections, and drafting the responses. (Reply at 5.) Counsel, however, did not mention document review or legal research in its July 7 time entry; indeed, review of documents appears in the time entry for July 6. (*See* Billing Records at 29.) The court concludes that one hour of time for the work documented in the July 7, 2021 time entry is reasonable, and deducts 0.3 hours, or $120.00, from Madrona's award.

#### 5. Fees for Duplicative and Unsuccessful Efforts Related to Madrona's Motion for Summary Judgment

Finally, Ten Bridges asserts that Madrona improperly seeks fees for duplicative and unsuccessful efforts related to its motion for summary judgment. (Resp. at 5.) It argues that (1) Madrona's request for $14,080.00 in fees for 35.2 hours of work on the motion and reply "seems excessive" because counsel must have already done "much of the background legwork" in preparing Defendants' motion for summary judgment on Ten Bridges's claims (*see* Defs. MSJ (Dkt. # 71) and (2) Madrona is not entitled to 100%

recovery where the court denied in part its request for damages and denied in full its request for treble damages.  (*Id.* (citing 10/6/21 Order).)  It seeks a deduction of $2,500.00, representing approximately 17% of the requested fees.  (*Id.*)

The court denies Ten Bridges's request to deduct fees on the ground that counsel conducted relevant "background legwork" on declarations and exhibits when preparing Defendants' motion for summary judgment.  Work that supported Madrona's successful motion for summary judgment on its WCPA claim is recoverable even if that work also supported efforts for which an award of fees is not authorized.  *See Hume*, 880 P.2d at 997.  The court agrees with Ten Bridges, however, that Madrona is not entitled to 100% of the fees requested for its motion for summary judgment because its motion was not 100% successful.  *See Pham v. City of Seattle*, 151 P.3d 976, 982 (Wash. 2007) (excluding hours spent working on unsuccessful efforts related to plaintiff's successful claim).  Because Madrona's motion successfully established Ten Bridges's violation of the WCPA, nearly all of Madrona's damages, and Madrona's entitlement to an award of fees and costs (*see* 10/6/21 Order at 15), the court finds that a deduction of 10%, rather than Ten Bridges's proposed 17%, is appropriate to account for work performed in completing the unsuccessful portions of the motion.  Therefore, the court deducts $1,408.00 from Madrona's request for fees.

In sum, the court deducts the following from Madrona's request for $42,880.00 in fees:  $800.00 for drafting portions of Madrona's answer to Ten Bridges's second amended complaint that are unrelated to the WCPA counterclaim; $1,000.00 for time spent on legal research related to Madrona's anti-SLAPP counterclaim; $1,830.00 for

unsuccessful efforts related to Madrona's response to Ten Bridges's second motion to dismiss; $120.00 for excessive fees incurred in responding to Ten Bridges's requests for production; and $1,408.00 for unsuccessful efforts related to Madrona's motion for summary judgment on its WCPA counterclaim.  These deductions total $5,158.00, for a net attorney's fee award of $37,722.00.

## IV.  CONCLUSION

For the foregoing reasons, the court:

(1) GRANTS IN PART Madrona's motion to liquidate its attorney's fees and costs award (Dkt. # 104) and AWARDS Madrona $37,722.00 in attorney's fees and $120.00 in costs, for a total award of $37,842.00;

(2) GRANTS Madrona's unopposed motion for $120.00 in additional damages (*id.*) and AWARDS Madrona $35,269.01 in total damages on its WCPA counterclaim; and

(3) VACATES the January 10, 2022 trial date and all pretrial deadlines in this matter (*see* Sched. Order (Dkt. # 41)).

Dated this 1st day of December, 2021.

JAMES L. ROBART
United States District Judge